**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

JOANNIE COTTO CLAUSELL,

     Plaintiff,

       v.                        CIVIL NO.: 11-2237 (MEL)

RADISSON AMBASSADOR PLAZA HOTEL,

     Defendant.

**ORDER IMPOSING SANCTIONS**

On July 22, 2013, Radisson Ambassador Hotel ("defendant") served on Joannie Cotto Clausell ("plaintiff") a first set of interrogatories, request for production of documents, and request for admissions. See ECF Nos. 43-1; 43-2; 43-3. Plaintiff failed to provide responses to these discovery requests on or before the August 23, 2013 deadline to respond established in the Initial Scheduling Conference ("ISC"), and did not request leave from the court for an extension of time to respond. See ECF No. 37. Defendant has filed a motion requesting that the court deem its request for admissions be admitted pursuant to Rule 36(a)(3) of the Federal Rules of Civil Procedure. See ECF No. 43. Defendant has certified that it attempted to communicate with plaintiff via telephone, e-mail, and written letter with regard to the discovery issues in this case, to no avail. See id. As of October 15, 2013, defendant's motion regarding the request for admissions stood unopposed.

Also on September 25, 2013, defendant filed a motion requesting, *inter alia*, that plaintiff be sanctioned for her failure to attend two appointments with plaintiff's psychiatrist. ECF No. 42. Taking into account the proximity of the next appointment scheduled, on September 28, 2013, the court entered an order requiring plaintiff to pay $400 for failure to attend her first two

appointments with defendant's psychiatrist and notified plaintiff that her failure to attend the third scheduled appointment on October 1, 2013 could result in the imposition of severe sanctions, monetary or otherwise, including but not limited to the preclusion of testimony at trial regarding plaintiff's emotional damages or damages pertaining to any psychological or psychiatric condition.  See ECF No. 45.  On September 30, 2013, after 5:00 p.m., plaintiff filed a motion requesting voluntary dismissal of her claim without prejudice.  See ECF No. 46.  The motion stated that plaintiff's counsel had lost contact with her several weeks prior to the filing of the motion, and that she was currently awaiting surgery in the State of Florida.  See id.  On October 1, 2013, defendant filed a motion in opposition requesting the dismissal of plaintiff's claims be with prejudice, indicating that due to the untimeliness of plaintiff's motion, it was already too late to cancel the third appointment that plaintiff had to be evaluated by defendant's psychiatrist on October 1, 2013.  See ECF No. 47.  Consequently, defendant informed, it incurred yet another $200 fee from the psychiatrist that it has retained as an expert for purposes of this case.  See id., at ¶ 21.

On October 7, 2013, plaintiff filed a motion requesting withdrawal of her motion to dismiss.  See ECF No. 48.  In her motion, she requests permission to withdraw her motion for dismissal, to pay $400 to defendant, and to be granted a term of sixty days to appear with new counsel.  See id., at ¶ 3.  Additionally, the motion states that she will travel to Puerto Rico from Florida to undergo an evaluation by defendant's mental health expert on a date to be determined by the parties, and that her current attorneys will continue to represent her in the matter until she retains new counsel.  See id., at ¶¶ 4-5.  On October 7, 2013, defendant filed a motion opposing plaintiff's latest motion and once again requesting the imposition of sanctions.  See ECF No. 49.

On October 14, 2013, plaintiff filed an informative motion advising that she was involved in a motor vehicle accident in late July of the current year, that as a result of said accident she was restricted from travel for a period of sixty days[1], that a medical professional "had ordered her not to travel to Puerto Rico to attend medical evaluations and other outstanding discovery issues in the case", and that she continues to receive medical care. See ECF No. 50.  In support of her informative motion, plaintiff submitted several exhibits including: an undated letter signed by Aaron Dixon, D.C. of Symmetry Chiropractic & Wellness Center informing that she was in a motor vehicle accident on 7/26/2013 and that he advised her not to travel for a period of sixty days;  documents in the Spanish language dated 10/7/2010 detailing a psychiatric evaluation, diagnoses and a medication list, documents in the Spanish language dated 10/21/2012 detailing an individualized psychiatric recuperation and treatment plan; letters from the Social Security Administration dated 9/20/2011 and 1/5/2012, in the Spanish language and English language respectively, regarding her receipt of Social Security payments; and an application for social medical service and referral for psychiatric services both dated 7/6/2011 and in the Spanish language.[2] See ECF No. 50-1.

Plaintiff's gamesmanship is unacceptable.  Assuming as true that she did unfortunately suffer an accident in July of this year and that she was instructed by physicians not to travel for a period of two months, no adequate explanation has been provided as to:  (1) why she failed to promptly communicate to her attorneys the situation regarding her accident in order for them to request a rescheduling of her appointments with defendant's psychiatrist or whatever pertinent

---

[1] It is unclear from the documents pending before the court from which date this sixty-day travel restriction began to run.

[2] Plaintiff has failed to provide certified translations of the aforementioned documents in the Spanish language, and has failed to request leave from the court to submit the same.  The court cannot take these Spanish language documents into account without accompanying certified translations.  See Local Rules 5(g) ("All documents not in the English language which are presented or filed, whether as evidence or otherwise, must be accompanied by a certified translation into English prepared by an interpreter certified by the Administrative Office of the United States Court.").

enlargement of times of the discovery phase of the case were justified, if any; (2) why plaintiff's attorneys failed to communicate to opposing counsel in a timely manner either plaintiff's health situation or the fact that they had lost contact with her; (3) why—in this era of cellular phones, emails, facsimiles, and 24-hour mail deliveries which significantly reduce the need for travel— plaintiff has failed to answer in a timely manner the first set of interrogatories, requests for production of documents, and requests for admission served by defendant; (4) why—after almost three weeks of defendant's motion praying that the requests for admissions be deemed admitted—plaintiff did not even file a response to said motion;[3] (5) why, if she had the intention to request the dismissal of her claims, she waited until after 5:00 p.m. the day before her next appointment with defendant's psychiatrist to file said motion, forcing defendant to incur in yet additional unnecessary expenses; (6) why in plaintiff's motion requesting withdrawal of her motion to dismiss the case she states that she will travel to Puerto Rico to undergo evaluation by defendant's psychiatrist only to inform one week later that now she cannot travel to Puerto Rico pursuant to medical orders (ECF Nos. 48; 50); (7) why documents that presumably appear to be from the years 2010, 2011, and 2012 are relevant to a car accident that occurred on July of 2013 (EFC No. 50-1); (8) why the court should take into account documents regarding plaintiff's mental health condition dating back to 2010 and 2011, when plaintiff was previously aware of that issue and did not bring it to the court's attention when discovery deadlines were established at the ISC held on 6/21/2013 (ECF No. 37); and (9) why the court should give any weight to an exhibit from a chiropractic center that is undated and unclear whether it is even signed by a

---

[3] On October 15, 2013, the court ordered the parties to cease filing motions until the resolution of the pending controversies. ECF No. 52. Between September 25, 2013, the date when defendant's motion asking that the request for admissions be deemed admitted was filed and October 15, 2013, plaintiff had plenty of time to submit a response to said motion.

physician.   These circumstances—not plaintiff's health situation—justify the imposition of sanctions.

The court denies defendant's repeated requests that the case be dismissed with prejudice as a sanction.  ECF Nos. 47; 51.  The court also denies defendant's request that the request for admissions served be deemed admitted.   ECF No. 43.   Furthermore, plaintiff's request to withdraw her motion to dismiss is granted.  ECF No. 46.  Plaintiff, however, will be precluded from presenting any evidence at trial regarding her emotional damages or damages pertaining to any psychological or psychiatric condition.  Furthermore, within the next thirty days, plaintiff shall pay defendant six hundred dollars ($600) for unnecessary expenses that it has had to incur due to plaintiff's three unjustified absences to her appointments with defendant's psychiatrist.[4] In addition, no later than November 1, 2013, plaintiff shall respond to defendant's first set of interrogatories, request for production of documents, and request for admissions.  Failure to answer these discovery requests in a timely manner may result in the imposition of additional sanctions, including but not limited to deeming the requests for admissions as admitted and dismissal of the case for lack of diligent prosecution and/or failure to comply with court orders. Plaintiff is also put on notice that in light of the stage of the proceedings in which this case is already at and the fact that an answer to the complaint has already been filed, in the absence of a joint stipulation by the parties the court will not entertain a voluntary request for dismissal of the case without prejudice unless plaintiff is willing to pay reasonable attorney fees, expenses, and costs incurred by defendant thus far in this case.  Otherwise, said voluntary request ought to be with prejudice.

---

[4] Plaintiff has indicated that a $400 check has already been issued to the order of defendant.  ECF No. 48 at p.2.  If such is the case, then said payment must certainly be credited towards the $600 sanction.

Plaintiff has requested a period of sixty days to retain new legal representation; in the meantime her current counsel of record would continue to represent her.  ECF No. 48.  Said request is granted.  The court, however, will not stay the discovery phase of this case, nor the deadlines included in this order simply because there is a change of legal representation.  If, however, no later than October 24, 2013, plaintiff provides a certification from a physician indicating that she is scheduled to have surgery on or before November 1, 2013 and that from a medical point of view communicating with her attorneys is either not viable or is detrimental to her recovery from surgery, the court is willing to entertain a motion requesting reasonable extensions of the deadlines in this case.

WHEREFORE, in light of the matters previously mentioned defendant's motion requesting that its request for admissions be deemed admitted (ECF No. 43) is DENIED; plaintiff's motion to dismiss (ECF No. 46) is deemed WITHDRAWN; defendant's motion requesting dismissal with prejudice of the complaint (ECF No. 47) is DENIED; plaintiff's motion to withdraw document (ECF No. 48) is GRANTED; defendant's motion for sanctions embedded within its response in opposition to plaintiff's motion to withdraw (ECF No. 49) is GRANTED IN PART AND DENIED IN PART; plaintiff's informative motion (ECF No. 50) is NOTED; and defendant's second motion for sanctions contained in its response to plaintiff's informative motion (ECF No. 51) is GRANTED IN PART AND DENIED IN PART.

IT IS SO ORDERED

In San Juan, Puerto Rico, this 17th day of October, 2013.

s/Marcos E. López
U.S. Magistrate Judge